# IN THE UNITED STATES DISTRICT COURT
# FOR THE WESTERN DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| DONG PYOU HAN, | )<br>) |
| Petitioner, | ) Civil Action No. 18-1413<br>) Judge David Stewart Cercone / |
| v. | ) Magistrate Judge Maureen P. Kelly<br>) |
| WARDEN J. ODDO, | )<br>) |
| Respondent. | ) |

## MEMORANDUM ORDER

Dong Pyou Han ("Petitioner") has filed the Petition ostensibly under 28 U.S.C. § 2241 for Writ of Habeas Corpus, (the "Petition"), ECF No. 4, seeking to attack, not the execution of his sentence, but instead, his federal conviction.

The case was referred to Magistrate Judge Maureen Kelly in accordance with the Magistrate Judges Act, 28 U.S.C. § 636(b)(1), and Local Civil Rules 72.C and D.

Magistrate Judge Kelly's Report and Recommendation, ECF No. 7, filed on February 19, 2019, recommended that the Petition be dismissed due to lack of jurisdiction because a Section 2241 habeas petition cannot generally be used to challenge a conviction and furthermore, Petitioner did not carry his burden to show that he came within the savings clause so as to permit him to utilize a Section 2241 petition in order to attack his conviction. Petitioner was informed that he could file Objections to the Report by March 8, 2019. After being granted an extension of time, ECF No. 9, Petitioner filed Objections to the Report. ECF No. 10.

Nothing in Petitioner's Objections merits rejection of the Report or extended comment.

In his Objections, Petitioner repeats the arguments he raised in his Petition, which were adequately addressed by the Report. Petitioner simply cannot escape the impact of the Dorsainvil rule, which only permits a federal convict to challenge his conviction by way of a

Section 2241 Petition when two conditions are met: 1) he is claiming actual innocence of the crime(s) of conviction; and 2) he had no previous opportunity to raise the challenge. As the Report correctly notes, Petitioner certainly had a prior opportunity to raise the claim he raises herein, namely, that the indictment did not adequately invoke federal jurisdiction. In addition, given that he pleaded guilty to the crimes, Petitioner does not seemingly claim actual innocence of the crimes but merely that the District Court that convicted him lacked jurisdiction to do so. Having failed to bring himself within the savings clause by meeting the requirements of Dorsainvil, the Petition must be dismissed.

Accordingly, IT IS HEREBY ORDERED this 11th day of April, 2019, after de novo review of the record and the Report and Recommendation and the Objections thereto, the Petition for Writ of Habeas Corpus ostensibly filed pursuant to 28 U.S.C. § 2241, is DISMISSED. The Report is adopted as the opinion of the Court. The Clerk is to mark the case closed.

IT IS FURTHER ORDERED THAT, if Petitioner wishes to appeal, he must file a notice of appeal from this order in accordance with Fed. R. App. P. 4(a)(1).

_____
David Stewart Cercone
Senior United States District Judge

cc:The Honorable Maureen P. Kelly
United States Magistrate Judge

DONG PYOU HAN
60253-060
M.V.C.C.
555 Geo Drive
Philipsburg, PA 16866